UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael D. James, | ) C/A No.: 9:11-2597-TLW-BM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Michael McCall, Warden of Perry C.I.; Florence Mauney, Associate Warden of Perry; Dennis Bush, Major of Perry C.I., | ) |
| Defendants. | ) |

Plaintiff Michael D. James, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Pelzer Correctional Institution, which is run by the South Carolina Department of Corrections. He files this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173 (1980); *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079 (1972); *Fine v. City of N. Y.*, 529 F.2d 70 (2nd Cir.



1975). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

Plaintiff was sentenced to 180 days of "lock-up time" for possession of a cell phone at the Broad River Correctional Institution. He was transferred to Perry Correctional's "lock-up unit" to serve his disciplinary sentence. Once he arrived at Perry, Plaintiff learned that another inmate, Robert Johnson, was incarcerated in Perry's general population. According to the Plaintiff, he was stabbed seven (7) times by inmate Johnson in a previous altercation. It is not clear from the Complaint where or when the altercation occurred. Plaintiff complains about being at the same institution as Johnson and also seeks release from solitary confinement. See generally, Complaint.

To the extent that Plaintiff's is seeking damages and injunctive relief for alleged federal constitutional violations under 42 U.S.C. § 1983, Plaintiff fails to state a viable claim against any Defendant. To assert a claim under § 1983, the plaintiff must allege "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States); *Kendall v. City of Chesapeake*, 174 F.3d 437 (4th Cir. 1999) (same). In the present case, Plaintiff has not alleged the violation of any constitutional right, privilege or immunity, and, accordingly, his Complaint is subject to summary dismissal.

First, although both state and federal prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners; *see O'Lone*



*v. Estate of Shabazz*, 482 U.S. 342, 348 (1987); and it is well established that a prisoner generally has no constitutionally protected liberty interest in being confined in a particular prison. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see also Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Lyons v. Clark*, 694 F. Supp. 184, 187 (E.D. Va. 1988), *aff'd*, 887 F.2d 1080 (4th Cir. 1989) (collecting cases); *see also Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir.1991)(non-consensual transfer of a prisoner from one institution to another is not a *per se* violation of either due process or equal protection rights).  The South Carolina Department of Corrections (SCDC) and its employees have the power to manage and regulate all persons convicted of offenses against the state of South Carolina, and once a person is convicted of a state crime and is sentenced to term to be served in state prison, it is up to the SCDC to determine that person's place of confinement and under what circumstances that person shall be confined.  Except in very rare circumstances not present in this case, federal courts do not become involved in the SCDC's prisoner-placement decisions. *See O'Bar v. Pinion*, 953 F.2d 74, 83 (4th Cir. 1991).  Further, Plaintiff himself concedes that he is in solitary confinement, while the inmate he feels threatened by is being held separately in the general population.  No violation of a constitutional right is shown by these claims.  Accordingly, in the absence of allegations showing that some established federal right is being violated by Plaintiff's current placement, Plaintiff's § 1983 claim for damages is subject to summary dismissal.

Finally, to the extent Plaintiff also seeks to be released from solitary confinement and transferred to another institution, alleging that he has fully served his prison disciplinary sentence, this relief may only be obtained in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of



confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). The undersigned is treating this pleading as one filed pursuant to 42 U.S.C.§ 1983. If the plaintiff wishes to challenge the duration of his confinement, he must obtain habeas forms from the Clerk of Court and file a separate action, after he has fully exhausted his administrative remedies.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

Bristow Marchant
United States Magistrate Judge

October 20, 2011
Charleston, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***



4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

